

**1629 K STREET NW, SUITE 300**
**WASHINGTON, D.C. 20006**

Adam Schulman
Hamilton Lincoln Law Institute
Center for Class Action Fairness
1629 K Street NW, Suite 300
Washington, DC 20006
(610) 457-0856
adam.schulman@hlli.org

September 15, 2020

**<u>Via ECF</u>**

Judge Chad Kenney
United States District Court for the Eastern District of Pennsylvania
6614 James A. Bryne United States Courthouse
601 Market Street, Independence Mall West
Philadelphia, PA 19106

    Re: *Greenberg v. Haggerty, et. al.*, No. 2:20-cv-03822-CFK (E.D. Pa.)

Dear Judge Kenney:

    I write regarding today's letter from Defendants' counsel. My client, Plaintiff Zachary Greenberg, does not intend to file a motion for Your Honor's recusal based on the information disclosed in the letter because we do not believe the facts described rise to the level of a conflict requiring disqualification under 28 U.S.C. § 455.

    In *Edelstein v. Wilentz,* for example, the Third Circuit held that a former officer of the state courts of New Jersey need not recuse from a federal action contesting the constitutionality of a N.J. Supreme Court rule. 812 F.2d 128, 131 (3d Cir. 1987). Significantly, the judge "had not been involved in the 'promulgation or passing or acceptance'" of the rule that was under challenge. *Id.* at 130; *contrast* 28 U.S.C. § 455(b)(3) (requiring disqualification when judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy").

Given the ubiquity of suits brought against state court judges, a blanket rule of recusal because of a past representation by a governmental office like AOPC would be equivalent to an automatic recusal rule of any former state court judge from any case challenging a state rule. But section 455 "does not imply a bright-line rule disqualifying any judge who ever has personal dealings with an attorney whose firm represents litigants before the same judge." *In re Cargill, Inc.*, 66 F.3d 1256, 1269 (1st Cir. 1995) (Campbell, J., dissenting); *see also United States v. Zagari,* 419 F. Supp. 494, 505-06 (N.D. Cal. 1976) (recusal not required where assistant U.S. attorney appearing in a criminal case previously represented the judge in his official capacity).

If the Court determines under section 455(a) that its impartially might be reasonably questioned, and Mr. Daley's letter discloses the full basis for disqualification, Greenberg is willing to provide a waiver under section 455(e).

        Sincerely,

        */s/ Adam Schulman*
        Adam Schulman

        *Attorney for Plaintiff Zachary Greenberg*

cc:    Counsel of record via ECF

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.

DATED: September 15, 2020

                                        *(s) Adam Schulman*
                                        Adam Schulman