# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GREENBERG | : |
|     *Plaintiff* | : CIVIL ACTION |
| | : |
| | : NO. 2:20-CV-3822 |
| v. | : |
| | : |
| JOHN P. GOODRICH, in his official capacity as Board Chair of the Disciplinary Board of the Supreme Court of Pennsylvania, et al. | : Hon. Chad F. Kenney |
|     *Defendants* | : |

## Declaration of Thomas J. Farrell, Esquire

I, Thomas J. Farrell, Esquire, declare:

1. I am Chief Disciplinary Counsel of the Office of Disciplinary Counsel ("ODC"), which is an entity of the Disciplinary Board of the Supreme Court of Pennsylvania.

2. I have held this position since January 2020. Before that, I practiced law for thirty-four years, primarily in the area of federal criminal practice. I was an assistant federal public defender in the Eastern District of New York from 1989 to 1993, an Assistant United States Attorney in the Western District of Pennsylvania from 1995-2000, and an attorney in private practice from 2000-2019. I started my career as law clerk to the Honorable Gustave Diamond in the United States District Court for the Western District of Pennsylvania (1986-1988). I am a graduate of Yale University (B.A. Philosophy 1983) and the New York University School of Law (J.D. 1986). I am admitted to the bars of New York and Pennsylvania as well as the bars

of several federal district courts and courts of appeals.

3. The ODC is charged with investigating complaints against Pennsylvania-licensed attorneys for violating the Pennsylvania Rules of Professional Conduct and, if necessary, charging and prosecuting attorneys under the Pennsylvania Rules of Disciplinary Enforcement.

4. As part of my official duties, I am familiar with the process by which ODC receives complaints, determines whether complaints are frivolous or require further investigation, and whether to pursue discipline.

5. All recommendations to the Disciplinary Board that ODC pursue charges against an attorney require my review and express approval.

6. As Chief Disciplinary Counsel, I have authority to direct how ODC interprets the Rules of Professional Conduct, as well as determining the ODC's policy on handling complaints, including those raising First Amendment issues.

7. The ODC interprets Rule 8.4(g) as encompassing only conduct which targets individuals by harassing or discriminating against an identifiable person. The ODC does not interpret Rule 8.4(g) as prohibiting general discussions of case law or "controversial" positions or ideas.

8. The Amended Complaint contains examples of Plaintiff's presentations, speeches, writings, and similar actions, including paragraphs 17-23, 26-32, 92-94, 97, 99, 101.

9. These examples do not violate Rule 8.4(g), and the ODC would not pursue discipline for them.

10. Discussing and citing case law, including quoting from cases as described in the Amended Complaint in this matter or from other cases which may contain language some consider offensive or controversial, does not violate Rule 8.4(g), and the ODC would not pursue discipline on this basis.

11. Speaking and writing about "hot-button legal issues including the constitutionality of hate speech regulation, Title IX's effect on the Due Process rights of individuals accused of sexual assault and misconduct, campaign finance speech restrictions," (Amended Complaint ¶ 2), does not violate Rule 8.4(g), and the ODC would not pursue discipline on this basis.

12. Discussing topics and "controversial positions" does not violate Rule 8.4(g), and the ODC would not pursue discipline on this basis.

13. Discussing, advocating, or both, a position on hate speech regulations, due process for students, monetary contributions in politics, and for the right to express intolerant religious views do not violate Rule 8.4(g), and the ODC would not pursue discipline on this basis.

14. For example, a continuing legal education ("CLE") seminar may have panel members from two sides of a "controversial" issue, such as those cited by Plaintiff, advocating or discussing why they believe their position is correct. Such presentations would not violate Rule 8.4(g), and the ODC would not pursue discipline on this basis.

15. Speaking at non-CLE events, such as presentations to student groups, college administrators, professors, college legal counsel, civic education events, and

other events and meetings, does not come within Rule 8.4(g), and the ODC would not pursue discipline on this basis.

16. "Offensive" language or an allegation that someone was offended by a speech or writing that does not target individuals by harassing or discriminating against an identifiable person, does not come within Rule 8.4(g), and the ODC would not pursue discipline under the Rule on this basis.

17. Based on a review of the published opinion in *In re Traywick*, 860 S.E.2d 358 (S.C. 2021), cited in the Amended Complaint, the conduct described would not be covered by, nor would it violate Pennsylvania Rule 8.4(g), and the ODC would not pursue discipline under the Rule on this basis.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

/s/ Thomas Farrell
Thomas J. Farrell, Esquire
Chief Disciplinary Counsel of the
Office of Disciplinary Counsel

October 1, 2021