# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY GREENBERG | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 2:20-CV-3822 |
| v. | : | |
| | : | |
| JOHN P. GOODRICH, in his | : | |
| official capacity as Board Chair of the | : | Hon. Chad F. Kenney |
| Disciplinary Board of the Supreme | : | |
| Court of Pennsylvania, et al. | : | |
| | : | |
| *Defendants* | : | |

## Defendants' Declaration of Authenticity
## Regarding the Parties' Discovery Responses for Summary Judgment

For purposes of Defendants' Motion for Summary Judgment, undersigned counsel verifies that the attached Exhibits are authentic copies of the parties' respective discovery responses in this case. Defendants have not included documents attached to Plaintiff's Answers to Interrogatories as Defendants do not rely on them.

Respectfully submitted,

**s/Michael Daley**
Michael Daley, Esquire
Attorney I.D. No. PA 77212
Megan L. Davis, Esquire
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215)560-6326, Fax (215)560-5486
***Attorneys for Defendants***

## **Defendants' Exhibit List**

**Exhibit "A"**    Defendant Thomas J. Farrell's Answers to Plaintiff's Interrogatories

**Exhibit "B"**    Defendant Thomas J. Farrell's Responses to Plaintiff's Requests for Admissions

**Exhibit "C"**    Plaintiff Zachary Greenberg's Answers to Defendants' Interrogatories

**Exhibit "D"**    Plaintiff Zachary Greenberg's Responses to Defendants' Requests for Admissions

EXHIBIT "A"

**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| ZACHARY GREENBERG,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN P. GOODRICH, in his official capacity as<br>Board Chair of The Disciplinary Board of the<br>Supreme Court of Pennsylvania; *et al.*<br>*Defendants.* | Civil Action No. 2:20-cv-03822 |

**DEFENDANT THOMAS J. FARRELL'S ANSWERS TO
PLAINTIFF'S INTERROGATORIES**

Defendant, Thomas J. Farrell, submits the following answers to Plaintiff's Interrogatories under Federal Rule of Civil Procedure 33:

1.      Do you or anyone else at ODC ever promulgate, draft, or propose internal written policy guidance or training for subordinates within ODC to follow in connection with the bringing and resolution of disciplinary actions?

**ANSWER:      Yes. By way of further response, Respondent does not interpret this Interrogatory as seeking the production of any documents. However, to the extent this Interrogatory might be deemed to incorporate such a request, Respondent objects to the production of ODC policy guidance and/or training documents on the basis of relevance and work product protections.**

2.      Have you or anyone else at ODC promulgated, drafted, conveyed, or proposed internal written policy guidance or training for Pa. Rule 8.4(g), either for the 2020 version or the 2021 version of the rule? If so, please provide:

a.          a list of such training or guidance documents;

b.          the date on which each document or piece of training or guidance was promulgated, drafted, conveyed, or proposed;

c.          a copy of responsive training or guidance documents; or where such training or guidance is not contained within a document, a brief summary of the training or guidance.

**ANSWER:**          **No.**

3.          Do you or anyone else at ODC ever promulgate, draft, convey, or propose internal verbal policy guidance or training for subordinates within ODC to follow in connection with the bringing and resolution of disciplinary actions?

**ANSWER:**          **Yes.**

4.          Have you or anyone else at ODC promulgated, drafted, conveyed or proposed internal verbal guidance or training for Pa. Rule. 8.4(g), either for the 2020 version or the 2021 version of the rule? If so, please provide:

a.          the date on which the piece of guidance or training was promulgated, drafted, conveyed, or proposed;

b.          a brief summary of the training or guidance.

**ANSWER:**          **In or around June of 2020, attorneys were advised to inform the Chief Disciplinary Counsel and/or the Deputy Chief Disciplinary Counsel of any complaint(s) alleging a violation of Rule 8.4(g).**

5.          Do you or ODC ever promulgate, draft, convey, or propose external written guidance to the public or members of the Pennsylvania Bar?

**ANSWER:**          **No. However, either Respondent or his Deputy Chief will write a monthly newsletter article that appears on the Disciplinary**

Board's website: https://www.padisciplinaryboard.org/news-media/archived-newsletters.

6.       Have you or anyone else at ODC promulgated, drafted, conveyed, or proposed external written policy guidance for Pa. Rule 8.4(g), either for the 2020 version or the 2021 version of the rule? If so, please provide:

   a.       a list of such guidance documents;

   b.       the date on which each document or piece of guidance was promulgated, drafted, conveyed, or proposed;

   c.       a copy of responsive guidance documents; or where such guidance is not contained within a document, a brief summary of the guidance.

   **ANSWER:**       **The July 2020 newsletter available on the Disciplinary Board's website described Old Rule 8.4(g):**

   *https://www.padisciplinaryboard.org/attorney-news-july-2020.*

7.       Please provide the definition of speech or writing that "targets individuals by harassing or discriminating against an identifiable person" as used in paragraphs 7 and 16 of the Farrell Declaration.

   **ANSWER:**       **See New Rule 8.4(g) and its comments. Verbal conduct that "targets individuals by harassing or discriminating against an identifiable person" includes targeted victimization of a particular person on the basis of protected status. Moreover, targeting individuals includes conduct that results in invidiously disparate treatment and abusive or predatory behavior. Further, such conduct is not based on whether the listener perceives verbal conduct to be discriminatory or harassing, but**

**whether the verbal conduct actually targets a person for discrimination or harassment.**

8.        Please identify any criteria you intend to use to determine whether conduct intends to "denigrate" a person on any of the bases listed in Pa. Rule 8.4(g)?

**ANSWER:**        **See answer to Interrogatory No. 7. In addition, Respondent intends to consider the language of Rule 8.4(g) and its comments, as well as case law under similar anti-harassment and anti-discrimination rules of professional conduct from other jurisdictions.**

9.        Please identify any criteria you intend to use to determine whether conduct intends to "show hostility or aversion" toward a person on any of the bases listed in Pa. Rule 8.4(g)?

**ANSWER:**        **See answer to Interrogatory No. 7.**

10.        Please identify any criteria you intend to use to determine whether conduct manifests an intention "to treat a person as inferior based on one or more of characteristics" listed in Pa. Rule 8.4(g)?

**ANSWER:**        **See answer to Interrogatory No. 7.**

11.        Please identify any criteria you intend to use to determine whether conduct manifests an intention "to disregard relevant considerations of individual characteristics or merit because of one or more of the listed characteristics?"

**ANSWER:**          **See answer to Interrogatory No. 7.**

12.          To what extent do you believe the Farrell Declaration, and the positions expressed by you therein, should be ascribed to, and are binding upon:

    a.          You and your future official action;

    b.          Other employees at ODC;

    c.          The Board and its members;

    d.          Potential successors to your position as Chief Disciplinary Counsel?

**ANSWER:**          **Under the principles of official estoppel, the Farrell Declaration is binding upon Respondent and his future official actions, other employees at ODC, and potential successors to his position as Chief Disciplinary Counsel. It is not binding on the Board and its members, although the Board would have to consider the Declaration should an attorney rely on it to argue estoppel or detrimental reliance.**

13.          Whether or not you contend that the Farrell Declaration is binding upon you, other members of ODC, prosecutors, or your potential successor, please identify in detail the process, if any, that would be required of you, ODC, or your successor to amend, revise, or withdraw the positions taken and views expressed in the Farrell Declaration.

**ANSWER:**          **There is no set process for amending, revising, or withdrawing the positions taken in the Farrell Declaration.**

14.          Does ODC ever enter into written contractual agreements promising not to bring enforcement actions against a particular attorney with respect to particular conduct?

**ANSWER:**          No.

15.          Please state any criteria you would use to assess whether a complaint made under Pa. Rule 8.4(g) is "frivolous," as would justify dismissal before contacting the subject attorney.

**ANSWER:**          **See Respondent's answers to Interrogatories 7 and 8. By way of further response, as with all allegations of attorney misconduct, responses to allegations pertaining to Rule 8.4(g) will be reviewed with reasonable and measured deliberation to determine if it falls within the Rule. This includes taking into account First Amendment concerns and whether the alleged conduct rises to the level of targeting an individual for discrimination and harassment, as opposed to a complainant being "offended" or interpreting accurately quoting case law, supporting "offensive" or controversial legal positions, or otherwise engaging in the conduct described in Plaintiff's Amended Complaint.**

16.          Please state whether you would consider a complaint frivolous if it was brought by an audience member at a CLE who perceived a speaker's response to a question he or she asked to be targeting, denigrating, and showing hostility or aversion toward that audience member on the basis of a protected category under Pa. Rule 8.4(g).

**ANSWER:**          **It is not possible to answer this hypothetical without more details regarding the interaction, specifically (i) what question the audience member proposed, and (ii) what the speaker's response to that question was. For example, if the speaker, frustrated with the audience member's question, called the audience member the "N-word" or the "C-word," then this conduct could fall within the bounds of Rule 8.4(g), and a complaint on those grounds would not be considered frivolous. If, however,**

**the speaker responded to the audience member's question by accurately quoting case law, supporting "offensive" or controversial legal positions, or otherwise engaging in the conduct described in Plaintiff's Amended Complaint, then any complaint on these bases would be considered frivolous. As noted above, the issue is not whether the listener perceives verbal conduct to be discriminatory or harassing, but whether the verbal conduct actually targets a person for discrimination or harassment.**

17.     In coming to your interpretation of Rule 8.4(g), as specified in the Farrell Declaration, did you confer with any other defendants in this litigation? If so, please identify which defendants.

**ANSWER:**      **No.**

18.     Please identify the process in detail undertaken by ODC in response to the filing of a complaint.

**ANSWER:**      **Every complaint is assigned a file number.  Intake Counsel-in-Charge or the intake paralegal checks the prior disciplinary history of the respondent to determine whether to assign the case to intake counsel for initial review or to trial counsel in the appropriate district (generally, the district of the respondent's office).**

**If assigned to intake counsel, s/he conducts any necessary investigation and legal analysis and recommends dismissal of the complaint or transfer to trial counsel.  Both recommendations require the approval of Intake Counsel-in-charge.  Occasionally, intake counsel may contact the respondent in an effort to resolve the matter quickly.  For example, if the complaint is that the respondent has not returned client communications, intake counsel may contact the respondent, ask him to respond to the**

client, and, on proof that he has, recommend dismissal of the complaint.

If/when assigned to trial counsel, any additional investigation and analysis is conducted. Thereafter, trial counsel recommends dismissal of the complaint or sending a DB-7 Letter Request for Statement of Respondent's Position. Both recommendations require approval of a District Counsel-in-charge. The DB-7 may demand the production of those records required to be maintained under Pa.R.P.C. 1.15(c), Pa.R.D.E. 221(e), and D.Bd. Rule 91.177(a) (generally, records relating to client funds and property and fee agreements). Trial counsel also may subpoena other records from the respondent or third parties, typically the respondent's financial institution. After a DB-7 is sent and the time for responding has elapsed, trial counsel recommends dismissal or seeking discipline.

A trial counsel's recommendation to dismiss requires approval of a District Counsel-in-charge. A trial counsel's recommendation to seek any form of discipline requires the approve of a District Counsel-in-charge, Chief Disciplinary Counsel, a Reviewing Member of a Hearing Committee and, in some instances, a three-member panel of the Disciplinary Board.

If the Disciplinary Counsel decides that the Complaint should be dismissed, he will prepare a form DB-4 to the Counsel in Charge for approval. There is no further internal review of the dismissal unless the complainant requests reconsideration.

Once the case is dismissed, the Disciplinary Counsel writes the Complainant to notify him of the dismissal. If the Respondent had been informed of the investigation, the Disciplinary Counsel also writes the Respondent to notify him of the dismissal. If the investigation disclosed practices that concern ODC but do not rise to the level of a violation requiring discipline, Disciplinary Counsel may include a letter of concern

or education which suggests changes to the Respondent's practices.

A complainant's request to reconsider dismissal of a complaint must be in writing and should specify the reasons therefor and include evidence not previously brought to ODC's attention. The Counsel-in-Charge or Disciplinary Counsel who approved assigned counsel's recommendation to dismiss the complaint shall review the request and respond in writing within a reasonable time of receiving the request. If the request is denied, complainant may seek a second review which shall be performed by Deputy Chief Disciplinary Counsel, who shall respond in writing within a reasonable time of receiving the request. Deputy Chief Disciplinary Counsel's review shall be final and there is no appeal from it, nor is the Board notified of dismissals. The entire process described above is confidential and non-public.

If the trial counsel, her Counsel-in-Charge, the Chief Disciplinary Counsel, and the Reviewing Member of the Hearing Committee all agree that a petition for discipline seeking public discipline is appropriate, trial counsel will prepare a Petition for Discipline. After review and approval by the Counsel-in Charge, the Petition is served on the respondent.  It becomes a matter of public record after the respondent answers or the time to answer expires.  The case then proceeds to hearing before a three-member hearing committee and review by the Board and the Supreme Court.

At any time in the process, the parties can agree to proceed via a consent petition for a specified type and duration of discipline. Even in that case, the Board and Supreme Court must review and approve (or reject) the agreed-upon disposition, unless the consented disposition is a public reprimand, in which case the review ends with the Board.

_/s/ Megan L. Davis_
**MEGAN L. DAVIS, ESQUIRE**
Attorney I.D. No. 321341
**MICHAEL P. DALEY, ESQUIRE**
Attorney I.D. No. 77212
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102-1921
215-560-6326
_**Counsel for Defendant, Thomas J. Farrell**_

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ZACHARY GREENBERG,

*Plaintiff,*

v.

JOHN P. GOODRICH, in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; *et al.*

*Defendants.*

---

Civil Action No. 2:20-cv-03822

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 1, 2021, she served a true and correct copy of the attached *Answers to Plaintiff's Interrogatories and Answers to Plaintiff's Requests for Admissions,* by electronic mail to:

Adam Schulman
Hamilton Lincoln Law Institute
1629 K Street NW, Suite 300
Washington, D.C. 20006
adam.shulman@hlli.org

/s/ Megan L. Davis
**MEGAN L. DAVIS, ESQUIRE**
Attorney I.D. No. 321341
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102-1921
215-560-6326

EXHIBIT "B"

**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| ZACHARY GREENBERG, *Plaintiff,* <br><br> v. <br><br> JOHN P. GOODRICH, in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; *et al.* *Defendants.* | Civil Action No. 2:20-cv-03822 |

**DEFENDANT THOMAS J. FARRELL'S ANSWERS TO
PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Defendant, Thomas J. Farrell, submits the following answers to Plaintiff's Requests for Admissions under Federal Rule of Civil Procedure 36:

1. Admit that the Farrell Declaration does not waive the right of ODC to bring enforcement actions in any specific circumstances.

**ANSWER:** **Respondent objects to this Request as vague. Specifically, Respondent is unclear as to what the term "waive" and "any specific circumstances" means in the context of this Request. To the extent Plaintiff seeks an admission that ODC is not estopped from taking any position contrary to the Farrell Declaration, said request is denied; ODC is, in fact, estopped from taking any position contrary to those presented in the Farrell Declaration.**

2. Admit that the Farrell Declaration does not commit ODC not to bring enforcement actions in any specific circumstances.

**ANSWER:**          **Denied. See response to Request No. 1.**

3.      Admit that the Farrell Declaration is not binding on you in future enforcement actions brought or supervised by you.

**ANSWER:**          **Denied. See response to Request No. 1.**

4.      Admit that the Farrell Declaration does not and would not constitute a binding agreement between the ODC and any individual attorney requiring the ODC to decline bringing an enforcement action against that attorney with respect to particular conduct?

**ANSWER:**          **Denied. See response to Request No. 1.**

5.      Admit that the Farrell Declaration is not binding on your successors as Chief Disciplinary Counsel in future enforcement actions brought or supervised by them.

**ANSWER:**          **Denied. Respondent's successors are estopped from taking any enforcement actions in contravention of the Farrell Declaration, where an attorney relies on it to argue estoppel or detrimental reliance.**

6.      Admit that the Farrell Declaration is not binding on the Board or its members.

**ANSWER:**          **Admitted.**

7.      Admit that the Board has legal authority and discretion to adjudicate enforcement cases that ODC dismisses.

**ANSWER:**          **Denied. Pursuant to D. Bd. Rules § 89.32, the Board cannot review complaints or otherwise adjudicate complaints that the ODC**

**dismisses before a Petition for Discipline is filed.**

8.      Admit that the Farrell Declaration is not binding on individual judges of the Commonwealth of Pennsylvania's court system.

**ANSWER:**      **Admitted.**

9.      Admit that the Farrell Declaration contains your own personal views and does not represent the views of the Board or its members.

**ANSWER:**      **Denied. It is unknown whether the Farrell Declaration represents the views of the Board or its members. The Farrell Declaration is the official position of the ODC, and therefore cannot accurately be described as the "personal views" of the Respondent.**

10.      Admit that the Board played no role in the drafting of the Farrell Declaration.

**ANSWER:**      **Admitted.**

11.      Admit that the Board has the legal authority and discretion to remove you from your official position as Chief Disciplinary Counsel.

**ANSWER:**      **Admitted.**

12.      Admit that the First Amendment protects speech that may "denigrate" individuals.

**ANSWER:**      **Admitted that the First Amendment may, but does not always, protect such speech depending upon the context and setting, as held in caselaw. Under appropriate circumstances, such speech can**

**constitute a violation of criminal law (e.g., prohibitions on disorderly conduct, harassment, terroristic threats), or civil law (e.g., hostile work environment discrimination). Also, with respect to attorneys in the practice of law, such speech may be a violation not only of Rule 8.4(g) or its equivalent (e.g., *In the Matter of Abrams*, 488 P.3d 1043 (Colo. 2021)), but also of other disciplinary rules, such as RPC 4.4(a) (*see, e.g., Office of Disciplinary Counsel v. John J. Koresko, V,* 119 DB 2013 (D.Board 2015), *aff'd per curiam,* 2175 D.D. 3 (Pa. 2015); *Office of Disciplinary Counsel v. Charles Malloy, III,* 178 DB 2014 (D.Board 2016), *aff'd per curiam,* 2267 D.D. 3 (Pa. 2016)) and RPC 8.2(a) (protecting judges against recklessly false statements regarding their qualifications or integrity).**

13.     Admit that the First Amendment protects speech that may "show hostility or aversion toward a person."

**ANSWER:        See response to Request No. 12.**

14.     Admit that any individual who files a complaint with ODC may publicize the filing of that complaint, the substance of that complaint, or the details and facts of any subsequent investigation, regardless of whether ODC or the Board would otherwise do so.

**ANSWER:        Admitted, with the exception that generally, the complainant is not informed of the details and facts of the investigation.**

15.     Admit that ODC has no mechanism for Pennsylvania-licensed attorneys to seek advisory guidance from ODC.

**ANSWER:        Admitted.**

*/s/ Megan L. Davis*
**MEGAN L. DAVIS, ESQUIRE**
Attorney I.D. No. 321341
**MICHAEL P. DALEY, ESQUIRE**
Attorney I.D. No. 77212
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102-1921
215-560-6326
*Counsel for Defendant, Thomas J. Farrell*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GREENBERG, <br><br> *Plaintiff,* <br><br> v. <br><br> JOHN P. GOODRICH, in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania; *et al.* <br> *Defendants.* | Civil Action No. 2:20-cv-03822 |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 1, 2021, she served a true and correct copy of the attached *Answers to Plaintiff's Interrogatories and Answers to Plaintiff's Requests for Admissions,* by electronic mail to:

Adam Schulman
Hamilton Lincoln Law Institute
1629 K Street NW, Suite 300
Washington, D.C. 20006
adam.shulman@hlli.org

/s/ Megan L. Davis
**MEGAN L. DAVIS, ESQUIRE**
Attorney I.D. No. 321341
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102-1921
215-560-6326

EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZACHARY GREENBERG,<br><br>                                         *Plaintiff*,<br><br>                    v.<br><br>JOHN P. GOODRICH, in his official capacity as<br>Board Chair of The Disciplinary Board of the<br>Supreme Court of Pennsylvania, et al.<br>                                         *Defendants*. | Civil Action No. 2:20-cv-03822 |

**PLAINTIFF ZACHARY GREENBERG'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Zachary Greenberg hereby submits the following responses and objections to Defendants' Interrogatories:

**GENERAL STATEMENT AND OBJECTIONS**

The following responses are based on information presently available to Plaintiff and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents, things, or legal arguments. Plaintiff reserves the right to modify and/or supplement these discovery responses if and to the extent required or permitted under the Federal Rules of Civil Procedure.

The continuing and specific objections of Plaintiff to the Requests are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court.

Plaintiff objects to the definition of "document" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure and to the extent it calls for documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

## RESPONSES

**Interrogatory No 1:** State the date, title, sponsoring entity, and location of each Continuing Legal Education (CLE) event identified in paragraphs 12-14 and 16 in the Stipulated List of Facts. For each, describe the topics you discussed and provide a copy of PowerPoint slides, handouts, outlines, agenda or schedules, or other documents upon which you relied in giving your presentation(s) or that you distributed in connection with your presentation. Also produce any recordings of the presentation.

**RESPONSE:**      Plaintiff provides the following responsive information and documents:

- The 2017 CLE referenced in paragraph 12 of the Stipulated List of Facts was presented at the First Amendment Lawyers Association (FALA) conference in San Diego, California and was titled *Citizens United: Two Presidential Elections Later*. The presentation was sponsored by FALA and discussed the Supreme Court's decision in *Citizens United v. FEC*, 558 U.S. 310 (2010). A copy of the presentation slides is attached to these Responses.

- The 2018 CLE referenced in paragraph 13 of the Stipulated List of Facts was presented at the FALA conference in Denver, Colorado and was titled ABA Rule 8.4(g): A Speech Code for Lawyers. The presentation was sponsored by FALA and discussed ABA Model Rule 8.4(g). A copy of the presentation slides is attached to these Responses.

- The 2018 CLE referenced in paragraph 14 of the Stipulated List of Facts was presented at Overbrook Golf Club in Villanova, Pennsylvania and was titled Free Speech on Campus. The presentation was sponsored by Freedom to Believe and discussed free speech on college campuses. A copy of the presentation slides is attached to these Responses.

- The 2021 CLE referenced in paragraph 16 of the Stipulated List of Facts The presentation was titled Update on Defeating American Bar Association

2

Model Rule 8.4(g). It was sponsored by FALA and discussed Pennsylvania's version of Rule 8.4(g) and the First Amendment. A copy of the presentation slides is attached to these Responses.

**Interrogatory No 2:** Paragraphs 17, 18, and 62 of the Stipulated List of Facts and paragraph 15 of Plaintiff's Declaration refer to Plaintiff's intentions to speak and present at future CLEs. State the date, title, and sponsoring entity of every future CLE event at which you are scheduled to present. For each, describe the topics you intend to discuss and provide a copy of any PowerPoint slides, handouts, outlines, or other documents upon which you intend to rely in giving your presentation(s) or that you intend on distributing.

**RESPONSE:**      Plaintiff interprets this Interrogatory as only seeking information relating to those future plans which Plaintiff currently holds and that it does not ask him to speculate as to what future CLEs he might present. Subject to that interpretation, Plaintiff responds that he is currently scheduled to present a CLE on October 27, 2021, titled Pennsylvania Rule 8.4(g) and the First Amendment. The CLE will be presented at, and sponsored by, the Jenkins Law Library in Philadelphia, Pennsylvania. A copy of the presentation slides is attached hereto.

**Interrogatory No 3:** Has anyone ever reported you to any attorney disciplinary board or attorney licensing body in any state in which you are licensed based on statements you made while presenting at a CLE event? If so, please identify the individual, provide a copy of the complaint and any information and documents relating to your response and the disposition of the matter and describe the substance of their complaint(s) against you.

**RESPONSE:**      Plaintiff objects to this Interrogatory as unduly burdensome to the extent that it requires Plaintiff to inquire outside of his own personal information whether any such complaints or reports have been made, and because such information is equally

available to and accessible by Defendants. Subject to and without waiving the foregoing objection, Plaintiff responds that he has no personal knowledge of any such reports.

**Interrogatory No. 4:** Since graduating from law school, provide your employment history, including dates of employment, entity, job title, and duties.

**RESPONSE:**     Plaintiff has been employed at the Foundation for Individual Rights in Education (FIRE) since graduation from law school.  He has held the following positions:

Justice Robert H. Jackson Legal Fellow, September 2016 – June 2018

> Duties:     Authoring law review articles on issues relevant to FIRE and providing legal assistance to FIRE programs.

Program Officer, Individual Rights Defense Program, June 2018 – November 2020

Senior Program Officer, Individual Rights Defense Program, November 2020 - present

> Duties:     Corresponding with universities on issues relevant to FIRE's purpose and mission; drafting blog posts for FIRE's Newsdesk; submitting op-eds, letters to the editor, and other opinions pieces on FIRE issues to media organizations; representing FIRE in speaking engagements nationwide as necessary; preparing and presenting continuing legal education courses to lawyers, practitioners, and professors on First Amendment issues; and conducting relevant legal research.

**Interrogatory No. 5:** List what bars you are admitted to, including dates of admission, and whether you are in good standing.

**RESPONSE:**     Plaintiff is a member in good standing of the State Bars of New York (admitted September 13, 2017) and Pennsylvania (admitted May 14, 2019).

**Interrogatory No. 6:** In ¶ 85 of your Amended Complaint, you allege: "After a May 2018 CLE presentation by Greenberg in Villanova, Pennsylvania, attorneys told him his presentation on his interpretation of the legal limits of a university's power to punish student online expression deemed offensive, prejudiced, and hateful was in and of itself offensive." With respect to this allegation, please state:

1. The approximate number of attorneys who expressed that your presentation was "offensive";

2. The name and contact information for each attorney;

3. What, precisely, these attorneys believed was "offensive" about your presentation;

4. Whether these attorneys expressed that they were intentionally harassed or discriminating against by you;

5. Whether, to the best of your knowledge, any of these attorneys reported you to any attorney disciplinary body on the basis of your presentation; and

6. Whether any of these attorneys reduced their comments to writing. If so, please provide a copy of the written comments.

7. What was the disposition or outcome of the complaint (if there was one)?

**RESPONSE:**      Plaintiff objects to this Interrogatory on the ground that subpart 1 is vague, overbroad, and seeks information outside his knowledge or possession. Plaintiff will respond with respect to his personal knowledge of attorneys who expressed to him that his presentation was "offensive." Plaintiff also objects to this Interrogatory on the grounds that subpart 2 seeks information outside that available to him. Plaintiff also objects to subpart 3 to the extent that it asks Plaintiff to speculate about any individual's subjective belief. Plaintiff interprets this subpart to instead seek responsive information related to anything such individuals directly expressed to him. Plaintiff further objects to subpart 4 as vague and unduly overbroad because it fails to define the terms "harassed" and "discriminating," which are also ambiguous in nature, and because it is not limited to

expressions made to or heard by him. Subject to and without waiving these objections, Plaintiff responds as follows:

1.   Interpreting the interrogatory as applying to information expressed directly to Plaintiff, one;

2.   Unknown;

3.   Interpreting the interrogatory as applying to information expressed directly to Plaintiff, the discussion of hateful words, "hate speech," and how the First Amendment protects such expressions;

4.   Interpreting the interrogatory as whether it was expressed directly to Plaintiff, no;

5.   Unknown;

6.   Unknown;

7.   Unknown.

**Interrogatory No. 7:** In ¶ 86 of your Amended Complaint, you allege: "After a September 2018 presentation by Greenberg at the University of New Hampshire on free speech on campus, students approached Greenberg and told him that the content of his presentation and the ideas he expressed were offensive." With respect to this allegation, please state:

1.   The approximate number of students who expressed that your presentation was "offensive";

2.   The name and contact information for each student;

3.   What, precisely, these students believed was "offensive" about your presentation;

4.   Whether these students expressed that they were intentionally harassed or discriminating against by you;

5.      Whether, to the best of your knowledge, any of these students reported you to any attorney disciplinary body on the basis of your presentation; and

6.      Whether any of these students reduced their comments to writing. If so, please provide a copy of the written comments.

**RESPONSE:**      Plaintiff objects to this Interrogatory on the ground that subpart 1 is vague, overbroad, and seeks information outside his knowledge or possession. Plaintiff will respond with respect to his personal knowledge of students who expressed to him that his presentation was "offensive." Plaintiff also objects on the grounds that subpart 2 seeks information outside that available to him. Plaintiff also objects to subpart 3 to the extent that it asks Plaintiff to speculate about any individual's subjective belief.  Plaintiff interprets this subpart to instead seek responsive information related to anything such individuals directly expressed to him. Plaintiff further objects to subpart 4 as vague and unduly overbroad because it fails to define the terms "harassed" and "discriminating," which are ambiguous in nature, and because it is not limited to expressions made to or heard by him. Subject to and without waiving these objections, Plaintiff responds as follows:

1.      Interpreting the interrogatory as applying to information expressed directly to Plaintiff, one;

2.      Unknown;

3.      Interpreting the interrogatory as applying to information expressed directly to Plaintiff, the discussion of hateful words, "hate speech," and how the First Amendment protects such expressions;

4.      Interpreting the interrogatory as whether it was expressed directly to Plaintiff, no;

5.      Unknown;

6.      Unknown.

**Interrogatory No. 8:** In ¶ 87 of your Amended Complaint, you allege: "After a June 2019 virtual presentation by Greenberg with college administrators on fraternity and sorority student group rights, attendees provided feedback to Greenberg that the content of his presentation and the ideas he expressed were offensive." With respect to this allegation, please state:

1.   The approximate number of students who expressed that your presentation was "offensive";

2.   The name and contact information for each student;

3.   What, precisely, these students believed was "offensive" about your presentation;

4.   Whether these students expressed that they were intentionally harassed or discriminating against by you;

5.   Whether, to the best of your knowledge, any of these students reported you to any attorney disciplinary body on the basis of your presentation; and

6.   Whether any of these students reduced their comments to writing. If so, please provide a copy of the written comments.

**RESPONSE:**       Plaintiff objects to this Interrogatory on the ground that subpart 1 is vague, overbroad, and seeks information outside his knowledge or possession. Plaintiff will respond with respect to his personal knowledge of students who expressed to him that his presentation was "offensive." Plaintiff also objects on the grounds that subpart 2 seeks information outside that available to him. Plaintiff also objects to subpart 3 to the extent that it asks Plaintiff to speculate about any individual's subjective belief.  Plaintiff interprets this subpart to instead seek responsive information related to anything such individuals directly expressed to him. Plaintiff further objects to subpart 4 as vague and unduly overbroad because it fails to define the terms "harassed" and "discriminating," which are ambiguous in nature, and because it is not limited to expressions made to or

8

heard by him. Subject to and without waiving these objections, Plaintiff responds as follows:

1.   Interpreting the interrogatory as applying to information expressed directly to Plaintiff, two;

2.   Unknown;

3.   Interpreting the interrogatory as applying to information expressed directly to Plaintiff, the content of certain signs that hung outside some fraternities and sororities houses, which contain allegedly offensive expression, and the First Amendment protection of these signs;

4.   Interpreting the interrogatory as whether it was directly expressed to Plaintiff, no;

5.   Unknown;

6.   Unknown.

**Interrogatory No. 9:** State whether at any CLE presentation Plaintiff has been accused of intentionally targeting an individual for harassment or discrimination. If the answer is "yes," provide the following:

1.   The date, title, sponsoring entity, and location of the CLE;

2.   The name and contact information for the individual;

3.   Whether, to the best of your knowledge, you were reported to any attorney disciplinary body based upon this;

4.   Whether any of these accusations were reduced to writing. If so, please provide a copy of the written comments.

5.   What was the disposition or outcome of the complaint (if there was one)?

**RESPONSE:**      Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly overbroad because it fails to define the terms "harassment" and "discrimination," which are ambiguous in nature, and because it is not limited to

accusations of which he personally is aware. Subject to and without waiving the foregoing objection, Plaintiff responds that he is not personally aware of any such accusations that use those terms.

I declare under penalty of perjury that the foregoing responses are true and correct.

*/s/ Adam E. Schulman*
Adam E. Schulman (PA Bar No. 309749)

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing to be served upon the following parties by electronic mail:

Thomas J. Farrell
c/o Michael Daley
Michael.Daley@pacourts.us

Dated: October 27, 2021

*/s/ Adam E. Schulman*
Adam E. Schulman (PA Bar No. 309749)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
adam.schulman@hlli.org
(610) 457-0856

*Attorney for Plaintiff Zachary Greenberg*

EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZACHARY GREENBERG,<br><br>                              *Plaintiff*,<br><br>                 v.<br><br>JOHN P. GOODRICH, in his official capacity as<br>Board Chair of The Disciplinary Board of the<br>Supreme Court of Pennsylvania, et al.<br>                              *Defendants*. | Civil Action No. 2:20-cv-03822 |

**PLAINTIFF ZACHARY GREENBERG'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Zachary Greenberg responds or objects to the following Requests for Admission:

**GENERAL STATEMENT AND OBJECTIONS**

The following responses are based on information presently available to Plaintiff and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents, things, or legal arguments. Plaintiff reserves the right to modify and/or supplement these discovery responses if and to the extent required or permitted under the Federal Rules of Civil Procedure.

The continuing and specific objections of Plaintiff to the Requests are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and the exclusion of any evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court.

No incidental or implied admissions are intended by these responses. That Plaintiff has objected or responded to any Request shall not be deemed an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Plaintiff has

responded to part or all of any Request is not intended to and shall not be construed as a waiver by Plaintiff of any part of any objection or any Request.

## RESPONSES

1.     Admit that out of the four CLEs described in paragraphs 11-14 and 16 of the Stipulated List of Facts, the only time that anyone stated that Plaintiff's presentation was "offensive" was at the May 2018 Villanova presentation.

**RESPONSE:**      Plaintiff objects to this Request as overbroad because Plaintiff has no knowledge of all statements made by "anyone" or even those who attended or have knowledge of his CLEs. Subject to and without waiving the foregoing objection, Plaintiff admits that out of the four CLEs described in paragraphs 11-14 and 16 of the Stipulated List of Facts the May 2018 Villanova event was the only one at which an attendee expressed offense directly to Plaintiff regarding his presentation.

2.     Admit that Plaintiff is not aware that anyone has made a disciplinary complaint against him based upon his CLE presentations.

**RESPONSE:**      Plaintiff objects to the term "disciplinary complaint" as vague and overbroad. Subject to and without waiving the foregoing objection, Plaintiff admits that he is not aware that anyone has filed a complaint of unethical conduct or other misconduct with the Pennsylvania Office of Disciplinary Counsel against him based upon his CLE presentations.

3.     Admit that in future CLE presentations, Plaintiff does not intend to target individuals for harassment or discrimination.

**RESPONSE:**      Plaintiff objects to this Request as vague and overbroad because it fails to define the terms "harassment" and "discrimination." The fact that these terms are amenable to a variety of definitions and

interpretations is at the heart of Plaintiff's complaint and, therefore, Plaintiff is unable to response to this Request as written.  Subject to and without waiving the foregoing objections, Plaintiff admits that he has no intention to intimidate, denigrate, show aversion or hostility, treat a person as inferior, or disregard relevant considerations of individual characteristics or merit because of any of the twelve bases enumerated in Pa. Rule 8.4(g).

4.   Admit that in prior CLE presentations, Plaintiff did not target individuals for harassment or discrimination.

**RESPONSE:**   Plaintiff objects to this Request as vague and overbroad because it fails to define the terms "harassment" and "discrimination."  The fact that these terms are amenable to a variety of definitions and interpretations is at the heart of Plaintiff's complaint and, therefore, Plaintiff is unable to response to this Request as written.  Subject to and without waiving the foregoing objections, Plaintiff admits that he has never intended to intimidate, denigrate, show aversion or hostility, treat a person as inferior, or disregard relevant considerations of individual characteristics or merit because of any of the twelve bases enumerated in Pa. Rule 8.4(g).

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing to be served upon the following parties by electronic mail:

Thomas J. Farrell
c/o Michael Daley
Michael.Daley@pacourts.us

Dated: October 27, 2021

/s/ Adam E. Schulman

Adam E. Schulman (PA Bar No. 309749)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
adam.schulman@hlli.org
(610) 457-0856

*Attorney for Plaintiff Zachary Greenberg*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZACHARY GREENBERG            :
                            :      CIVIL ACTION
            *Plaintiff*      :
                            :      NO. 2:20-CV-3822
        v.                   :
                            :
JOHN P. GOODRICH, in his     :
official capacity as Chair of the  :      Hon. Chad F. Kenney
Disciplinary Board of the Supreme  :
Court of Pennsylvania, *et al.*   :
                            :
        *Defendants*        :

### Certificate of Service

The undersigned certifies that on November 16, 2021, he caused the

foregoing *Declaration* to be served via CM/ECF on all counsel of record

**/s/ Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA 77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486