IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY GREENBERG,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN P. GOODRICH, in his official capacity as Board Chair of The Disciplinary Board of the Supreme Court of Pennsylvania, *et al.*<br><br>*Defendants*. | No. 2:20-cv-03822-CFK |

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND THE TIME TO FILE MOTION FOR ATTORNEYS' FEES**

1

In accordance with Fed. R. Civ. P. 6(b)(1)(A), plaintiff Zachary Greenberg moves this Court to grant him an extension of time under which to file a Fed. R. Civ. P. 54(d) motion for attorneys' fees. As a default, motions requesting attorneys' fees are due "no later than 14 days after the entry of judgment." Rule 54(d)(2)(B)(i). But Rule 54 authorizes the Court to alter that timing if it "provides otherwise." Rule 54(d)(2)(B). And more generally, Rule 6(b)(1)(A) authorizes the Court to extend the time to file where "good cause" is shown and "a request is made[] before the original time or its extension expires." Thus, within the Rule 54 window, the potential fee applicant has the option to file either their fee motion or a motion for an extension under Rule 6. *See Planned Parenthood v. AG*, 297 F.3d 253, 261 (3d Cir. 2002).

With respect to Rule 6(b)(1)(A), the necessary "good cause" showing is "non-rigorous;" "a request for an extension of time pursuant to the Rule should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Davis v. Ace Hardware Corp.*, No. 12-1185-SLR-CJB, 2014 WL 2990329, 2014 U.S. Dist. LEXIS 90657, at *96 (D. Del. July 2, 2014) (quoting *inter alia Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)); *see also* 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004). Here, there is no prejudice to the adverse parties; Defendants have consented to Greenberg's request for an extension.

Good cause exists to grant Greenberg's motion here. 42 U.S.C. § 1988 authorizes an award of attorneys' fees to a prevailing plaintiff who has obtained an order enjoining state officials from violating the Constitution. *Hutto v. Finney*, 437 U.S. 678, 693-94 (1978). "[S]uch fees and costs are award as a matter of course when plaintiffs are forced to litigate against state-sponsored opposition in order to vindicate their constitutional rights." *Morrill v. Weaver*, 224 F. Supp. 2d 882, 905 (E.D. Pa. 2002). If, however, Defendants succeed in fully reversing this Court's summary judgment order on appeal, Greenberg will likely no longer qualify as a prevailing party entitled to fees. Conversely, if the Third Circuit affirms this Court's decision,

Greenberg will be able to seek fees for his attorneys' work in defending against the appeal. *See, e.g., Yaron v. Township of Northampton*, 963 F.2d 33, 37 (3d Cir. 1992). In either event, it makes sense to delay the filing of the fee motion, whether to avoid unnecessary or just piecemeal adjudication of the fee petition.

Therefore, to conserve judicial and party resources, Greenberg requests that the Court extend the Rule 54(d) deadline until 14 days after the exhaustion of Defendants' timely appeal rights[1] from this Court's order granting summary judgment.

## CONCLUSION

In light of the foregoing, Greenberg respectfully requests that the Court extend the Rule 54(d) deadline as described above.

Dated: March 29, 2022

Respectfully submitted,

/s/ *Adam E. Schulman*
Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
adam.schulman@hlli.org
(610) 457-0856

*Attorney for Plaintiff Zachary Greenberg*

---

[1] For the purpose of clarity, this extension includes the 90-day period that Defendants would have to petition the Supreme Court for review of a Third Circuit decision affirming this Court's order. *See* 28 U.S.C. § 2101.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.


DATED: March 29, 2022

*(s) Adam Schulman*
Adam Schulman
